### J. B. SPARROW THEATRICAL AMUSEMENT CO., Limited, v. MACK.

(Circuit Court of Appeals, Second Circuit. March 15, 1912.)

No. 152.

1. JUDGMENT (§ 956*)—RES JUDICATA—BURDEN OF PROOF.

A party who relies on a judgment as a bar to the action must show such happenings at the former trial as will make the judgment an adjudication of the issues on the present trial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. § 956.*]

2. JUDGMENT (§ 721*)—RES JUDICATA—ISSUES CONCLUDED.

A judgment for $1 for plaintiff, owning a theater, rendered in an action against various managers and proprietors of shows for conspiracy to prevent entertainments at the theater notwithstanding contracts with them for the production of their respective shows at the theater, under instructions submitting the issues of the existence of a conspiracy, of the breach of any contract induced thereby, and the amount of the damages sustained in consequence of the conspiracy and breach of contract induced thereby, but prohibiting even a nominal verdict for plaintiff unless a breach of contract was caused by the conspiracy, is res judicata in a subsequent action by plaintiff against one of the managers and proprietors for breach of his contract to produce his show.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1252; Dec. Dig. § 721.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by the J. B. Sparrow Theatrical Amusement Company, Limited, against J. Herbert Mack. There was a judgment for defendant, and plaintiff brings error. Affirmed.

This cause comes here upon writ of error to review a judgment in favor of defendant in error, who was defendant below. Plaintiff was the owner of a theater in Montreal. Defendant was the manager and proprietor of a burlesque show. They made a contract by which defendant agreed to produce his show in plaintiff's theater, during a particular week, the gross receipts for six evenings and a matinee to be divided equally among the parties.

Defendant was a member of a certain association known as the Traveling Managers. As such he and the other managers made each of them separate contracts with the owners of various theaters in the United States and Canada for the production of their respective shows. The dates of production were arranged according to a schedule or "wheel," so that each manager produced his show successively in the different theaters, and each theater produced the several shows successively.

No contract with the association was alleged. Plaintiff declared upon the contract with defendant individually. The contract was admitted. Plaintiff testified that defendant failed to produce his show during the week stipulated for, although plaintiff was willing and desirous for such play to be produced. Plaintiff also gave evidence to show damages resulting from the breach of the contract.

Defendant put in evidence, over plaintiff's objection and exception, a judgment roll in a former action in the same court, wherein the present plaintiff and various persons, including defendant, were defendants. This prior judgment was in favor of plaintiff against some of the defendants (including Mack) for "the sum of one dollar, the amount of the verdict found by the jury in favor of the plaintiff in the action." Upon this prior judgment, the court, in the case at bar, directed a verdict in favor of defendant. From

judgment thereon this writ of error is taken, and the only question here presented is whether the former judgment was a bar to this action.

The complaint in the former action set forth the arrangements already referred to for the successive production of plays in different theaters and the making by plaintiff of some 40 separate contracts with the managers of shows, including defendant here, for production of such shows at plaintiff's theater in Montreal. It then averred that the defendants, and other persons unknown, conspired together on November 16, 1904, about three months after the beginning of the theatrical season, for the purpose of preventing any further entertainments being given at plaintiff's theater, and that, pursuant to such conspiracy and as a part thereof, defendants by threats and intimidations induced the managers of 38 of these companies (including the defendant Mack) to break their contracts and to refuse to give the entertainments contracted for at plaintiff's theater, all to plaintiff's damage.

This conspiracy action was tried, both sides put in evidence, and the cause was given to the jury under a charge which will be referred to in this opinion infra. Their verdict was for $1.

Stuart G. Gibboney (John B. Leavitt, of counsel), for plaintiff in error.

Leon Laski (George E. Joseph, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The mere judgment roll in the former action, without proof of what took place on the trial, would not be a bar. This is conceded.

[1, 2] The burden is on the party who relies on the judgment as a bar to show such happenings at the former trial as would make the judgment an adjudication of issues now presented. Defendant does show the introduction in the conspiracy action of testimony as to damages, identical with what was offered on the trial of the cause at bar and upon which it may be assumed that the jury, if they got far enough to consider the question of damages, reached the conclusion that it did not show any damages sustained by plaintiff for the breach of Mack's contract in excess of $1.

Did the jury get so far as that branch of the cause? On this former trial they had three questions to determine:

(1) Was there any conspiracy, any joint tort in which the defendants, or some of them were engaged, directed against plaintiff or its business?

(2) If there were such a conspiracy, did it cause any one to break his contract with plaintiff, or was no one intimidated or constrained by the acts or threats of the conspirators?

(3) If there were such a conspiracy, and if in consequence one or more persons were intimidated or constrained to break his or their contracts, did such breach or breaches inflict damages upon the plaintiff; and, if so, how much?

If the verdict in the first case had been for the defendant, the fair inference would be that the jury decided the first question in the negative. That they found no conspiracy proved and therefore did not concern themselves with any question of damages. It would, therefore, not be shown by the proof in this case that the question "what amount of damage was caused by Mack's breach of contract" was considered or passed upon on the former trial. By this verdict

of $1, however, it appears conclusively that the jury answered the first question in the affirmative. They did find that all the defendants named entered into a conspiracy such as was alleged in the bill, for they brought in a verdict against all of them.

Moreover, it is apparent that they considered the second question and answered it, holding that the result of the conspiracy was to intimidate managers to break contracts. Under the charge they could not have given even a nominal verdict for plaintiff, unless they reached that conclusion. The court instructed them that the mere fact that these various contracts were broken would not give any cause of action of the kind there alleged, saying:

"The Sparrow Company could sue each manager who did not come there and play at Montreal on the face of the contract for the damage which has been caused them. That is not the theory of this case. The claim here is that there was a conspiracy by these defendants to intimidate men, those who signed and who did not play at Montreal, into not carrying out their contracts."

After reviewing the testimony bearing upon the question of conspiracy, the court charged the jury as follows:

"It is for you to say on the evidence whether these defendants intimidated the managers of these companies from going to Montreal. It would not be enough that they persuaded them, that they talked about it. It must be something producing some sort of coercion. It is not necessary that it should be physical coercion. * * * It is for you to say whether this evidence does or does not show that what the defendants said by their language and acts was: 'If you take a show to Montreal and produce it in the Sparrow Theater, you will not be permitted to produce it in any subsequent theater in the wheel (schedule).' If the evidence shows that this is what the defendants did, that evidence will authorize you to find intimidation here sufficient to support a finding that a conspiracy to intimidate had occurred."

It must be assumed that the jury followed the instructions given them. If they found that there was a conspiracy, an agreement of defendants to accomplish something injurious to plaintiff, but that such agreement proved abortive, because no one was ever intimidated, their verdict should have been for the defendant. By finding for the plaintiff they must have found, if they followed instructions, not only that there was a conspiracy, but that as a result of the conspiracy some one was "intimidated from playing at Montreal."

That being so, the only question left for them was the amount of damage which resulted from a failure or failures of the persons thus intimidated to play at Montreal. The evidence to show damage was, as stipulated in this case: Evidence of plaintiff's receipts from like shows at the same theater in corresponding weeks of the previous season, also of its receipts from the defaulting plays in the preceding season, also its receipts for the respective plays it produced in place of the defaulting plays; all such evidence being the same evidence as in the case at bar in respect of this defendant's contract and similar to it in respect to others.

Upon that evidence the jury found that the damage sustained was nominal, $1. They must have done so because the very evidence which is introduced here did not convince them that any substantial damage was sustained. Whether such conclusion was reached be-

cause the jury thought the calculations too speculative, or because they disbelieved the witnesses, is not material. The fact remains that upon the very testimony here they found that plaintiff's damages were $1 only, and they made this finding because the case as it stood before them when they rendered their verdict made it necessary for them to find whether or not Mack's breach of contract caused any greater damage to plaintiff.

The judgment is affirmed.