Sears, Roebuck and Co. ("Sears"), the defendant in an action pending in the Jefferson Circuit Court, petitions for a writ of mandamus directing Judge Dan C. King III to set aside his order denying its motion to dismiss. For the reasons discussed below, we deny the petition.
 I. Facts and Procedural History
On February 14, 2003, a house fire occurred at the house of John and Shirley Devise. The Devises believed that a Kenmore brand dishwasher purchased from Sears and installed by an individual hired by Sears started the fire. They sued, among others, Sears, Kenmore, Inc., and Neb Bibb, the Sears salesperson who sold the dishwasher to the Devises, in the Jefferson Circuit Court on March 25, 2003, alleging a violation of the Alabama Extended Manufacturer's Liability Doctrine and/or the strict-liability doctrine. The Devises also alleged that Sears and Kenmore negligently/wantonly designed, manufactured, assembled, furnished, sold, distributed and/or repaired the dishwasher; negligently/wantonly failed to warn of the dangers associated with the dishwasher; and breached expressed and implied warranties regarding the dishwasher. The Devises further alleged that Neb Bibb fraudulently suppressed information pertaining to the potential for the dishwasher to cause a fire. Approximately one month after the Devises filed their action, the *Page 267 
defendants removed the action to the United States District Court for the Northern District of Alabama.
On May 21, 2003, the Devises filed a motion in the United States District Court to amend their complaint to add a claim against Sears and the individual who installed the dishwasher, alleging that they "negligently, willfully, and wantonly installed the dishwasher." On this same day, the Devises filed a motion for an emergency hearing to require Sears to identify the installer of the dishwasher. This motion for an emergency hearing stated, in part, "it is believed by [the Devises'] counsel that the [dishwasher installer] . . . if known, would defeat diversity jurisdiction and would require that this case be remanded to . . . state court." Two days later, on May 23, 2003, the Devises filed a motion to remand the case to state court; that motion was supported by a memorandum of law and evidentiary submission. The Devises in their memorandum of law stated that they believed that the individual who installed the dishwasher was an Alabama resident, and they argued that Sears should not be allowed to circumvent the failure to satisfy the requirement of diversity of citizenship by withholding from the Devises the name of the individual. On May 27, 2003, the district court denied the Devises' motion to amend their complaint, their motion for an emergency hearing, and their motion to remand, without stating a reason.
On June 16, 2003, within two months of the removal of the case to federal court, the Devises filed a renewed motion to amend their complaint based on their previous motion to amend. On June 30, 2003, Sears objected to the renewed motion and for the first time identified, without stating his residence, Max Lovelady as the individual who had installed the dishwasher. However, Sears disputed the scope of the individual's activities during the installation, contending that the identified individual was an independent contractor who did not install the electrical wiring for the dishwasher. To the contrary, Sears says, the delivery document states that the "customer would take care of electrical hook-up" and Shirley Devise initialed this notation. The Devises never moved to amend their complaint to name this individual as a defendant and describe him as a resident of Alabama. Approximately a month later on July 15, 2003, the district court denied the Devises' renewed motion to amend their complaint, again without stating a reason.
Sears subsequently filed a motion for a summary judgment. The Devises, having concluded that their only cognizable theory of recovery was based on negligent installation, conceded that they did not have any evidence to offer in opposition to the summary-judgment motion on their original claims of negligent design, negligent manufacturing, and breach of warranties. The district court dismissed the action against Sears with prejudice on September 4, 2003.
On July 16, 2003, before the dismissal of their federal action against Sears but one day after the district court had denied their renewed motion to amend the complaint in the federal action, the Devises filed a second complaint in the Jefferson Circuit Court, naming as defendants Sears; Max Lovelady, the individual who installed the dishwasher; and Lovelady Plumbing Company. The Devises alleged that those named defendants had "negligently, willfully, and/or wantonly installed the dishwasher at issue." Sears filed a motion to dismiss the second action supported by a memorandum of law, in which Sears argued that the Devises' second action was barred by the doctrine of res *Page 268 
judicata and by § 6-5-440, Ala. Code 1975.[1] The Devises' opposition to the motion to dismiss and Sears's response to the Devises' opposition followed. On December 4, 2003, the trial court denied Sears's motion to dismiss. Sears thereafter filed this petition, contending that the doctrine of res judicata and §6-5-440 preclude the Devises from bringing the current action against Sears and asking us to order the trial court to set aside its order denying Sears's motion to dismiss.[2]
 II. Standard of Review "`Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"
Ex parte Mardis, 628 So.2d 605, 606 (Ala. 1993) (quoting Exparte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990)). Because the circuit court's order denying Sears's motion to dismiss was an interlocutory one, a petition for the writ of mandamus is an appropriate remedy for Sears to pursue in this case. Ex partePaul Maclean Land Servs., Inc., 613 So.2d 1284, 1286 (Ala. 1993).
 III. Analysis
Sears contends that the district court's dismissal with prejudice of the Devises' claims against it in the prior action was a final judgment; that the district court was a court of competent jurisdiction because the diversity-of-citizenship requirement was met; that there is substantial identity of the parties in both the prior action and the current action; and that the claims raised in the prior and current action arose out of the same nucleus of operative facts. Sears argues that the doctrine of res judicata applies to the claim asserted in the present case because, it argues, the Devises could have asserted in the prior action a specific claim for negligent installation against Sears or generally alleged that Sears negligently or wantonly caused the fire. Sears also argues that the appropriate way for the Devises to challenge the district court's denial of their motion to amend their complaint was to appeal the district court's ruling to the United States Court of Appeals for the Eleventh Circuit after a final order had been entered in the case, rather than to file a second action in state court based on the same underlying facts. Sears argues that the failure of the Devises to amend their complaint in the district court to assert a negligent-installation claim solely against Sears establishes the Devises' motive as defeating diversity and having the case remanded to state court.
The Devises first argue that the second action is not the same cause of action as the prior action because, they say, the evidence necessary to establish the elements of negligent installation varies materially from the evidence that was necessary to prove their product-liability claims. The Devises further argue that even if the second action arose out of the same operative facts as the prior action, their negligent-/wanton-installation claim was never adjudicated on its merits in the federal *Page 269 
action. The Devises point out that the district court's dismissal in the federal action was a judgment on only their product-liability claims and that their claim alleging negligent installation has not been fully investigated or tried. The Devises contend that they did everything they could have done to have the negligent-installation claim heard in the federal action. The Devises further argue that where, through no fault of the plaintiff, the trial court decides to split the claims, the doctrine of res judicata does not apply.
As previously stated, in the federal action the Devises attempted within two months of the removal of their case to federal court to amend their complaint to assert a negligent-/wanton-installation claim against Sears and an installer whom they were at that time unable to identify. The district court could have treated the allegation concerning an unnamed person thought to be an Alabama resident as an allegation concerning a defendant sued under a fictitious name and accepted the amendment as to Sears, disregarding the reference to the unidentified installer. The last sentence of28 U.S.C.A. § 1441(a) provides, "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."
We are handicapped by the failure of the district court to articulate its reasons for denying the Devises' motion to amend their complaint and the motion to remand the case to state court. Denial of leave to amend the complaint could have been based upon the district court's conclusion that Sears was correct when it stated that the Devises, not the installer, had provided the electrical connections for the dishwasher. This scenario, however, is quite unlikely, as such a determination at this stage of the proceedings would have been highly inappropriate. Because the motion to amend before the district court referred only to an Alabama resident whose identity was unknown, perhaps the district court's denial of the motion to remand can be attributed to the failure of the Devises to tender an amended complaint specifically naming an Alabama resident as a defendant. Perhaps the denial of the motion to remand can be explained by the district court's treatment of the proffered amendment as the equivalent of an amendment specifically identifying a nondiverse defendant, calling upon it to apply 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.") and thereafter to conclude that leave to amend and the motion to remand should be denied.
If the district court applied 28 U.S.C. § 1447(e), it was required to consider the factors enumerated by the United States Court of Appeals for the Fifth Circuit in Hensgens v. Deere Co., 833 F.2d 1179 (5th Cir. 1987), a case decided before the enactment of 28 U.S.C. § 1447(e) but still quite pertinent. InHensgens, the Fifth Circuit Court of Appeals enumerated the factors to be considered by a district court in exercising its discretion to disallow or to permit an amendment adding a nondiverse defendant and remand the case to the state court:
 "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be *Page 270 significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction."
833 F.2d at 1182 (emphasis added).
Assuming that the district court conducted an analysis under28 U.S.C. § 1447(e), it is difficult to fault the Devises for being dilatory under the circumstances here presented, where the motion to amend their complaint was filed within two months of the removal of the case to federal court. Perhaps the district court concluded that the amendment would destroy diversity jurisdiction and that the Devises would not be prejudiced by disallowing the amendment, ostensibly leaving the Devises with a remedy against Sears in state court.
The bottom line, however, remains that the district court, without stating its reasons for doing so, refused to permit the Devises to amend their complaint to state a negligent-installation claim against Sears; we can only speculate as to the reasons for its denial of the Devises' motions. Sears, the party asserting the bar of res judicata, has the burden of showing the meaning of the former adjudication. McNellis v.First Fed. Sav. Loan Ass'n of Rochester, 364 F.2d 251, 257 (2d Cir. 1966); Hyslop v. United States, 261 F.2d 786 (8th Cir. 1958); Peckham v. Family Loan Co., 196 F.2d 838 (5th Cir. 1952); and J.B. Sparrow Theatrical Amusement Co. v. Mack, 195 F. 474 (2d Cir. 1912). Where it is unclear whether denial of leave to advance added claims in the first action rests on consideration of the merits or on a decision that those claims should be pursued in a separate action, a second action is permitted. See 18 Charles Alan Wright, Arthur R. Miller Edward H. Cooper, Federal Practice and Procedure § 4439, pp. 361-62 (1981), citing McNellis v. First Fed. Sav. Loan, 364 F.2d at 257 ("a reasonable doubt as to what was decided in the first action should preclude the drastic remedy of foreclosing a party from litigating an essential issue").
The Devises' negligent-installation claim against Sears has been split by the district court from their negligent-manufacture claim against Sears. It is unnecessary to decide under these circumstances whether a subsequent claim against Sears alleging negligent installation arises out of the same nucleus of operative facts[3] so as to preclude the Devises from pursuing a subsequent action had they voluntarily split their negligent-installation claim from a claim based upon negligent manufacture and breach of warranty. Where the court does the splitting and dilatoriness on the part of the plaintiff is not a consideration, the plaintiff is not precluded from filing a later action. This principle was applied in Nilsen v. City of MossPoint, 701 F.2d 556, 563 (5th Cir. 1983), as follows:
 "Put another way, the rule — protective both of the court and of the defendant — precluding litigants from splitting causes has no function where the court itself, rather than the litigant, does the splitting and does it by reason of no default on the part of the litigant, who *Page 271 
timely advanced all his claims in the initial proceeding.
 "Such is not the case here. Here it was not the procedural system of the forum that precluded the joinder of all [the plaintiff's] asserted remedies in one proceeding. Instead, as we have bindingly held, it was her own `unexplained dilatoriness.' The system itself was, in and of its nature, ready and able to accommodate all such claims, if timely made, and obliged to entertain them: had the § 1983 theory been so advanced, the court would have had no choice but to adjudicate it. Instead, it was [the plaintiff] who split her claim or `cause of action,' reserving one basis or legal theory supportive of it until it was untimely and need not be adjudicated."
Sears, having failed to establish that dilatoriness on the part of the Devises justified the district court's action, cannot preclude the Devises from proceeding against it on the claim they attempted to assert in the federal action.
Sears also relies on § 6-5-440, Ala. Code 1975, barring a claimant from prosecuting "two actions in the courts of this state at the same time for the same cause and against the same party." See Ex parte Myer, 595 So.2d 890, 892 (Ala. 1992) ("The `courts of this state' include the federal courts within Alabama.") Whether § 6-5-440 applies depends on whether a judgment in one action would be res judicata as to the other. SeeSessions v. Jack Cole Co., 276 Ala. 10, 158 So.2d 652 (1963). Sears's failure to shoulder its burden of establishing the basis of the former adjudication prevents that action from having a res judicata effect in this case and thereby prevents § 6-5-440 from being applicable.
 IV. Conclusion
Sears has not demonstrated a clear legal right to relief by way of a writ of mandamus from the trial court's denial of its motion to dismiss based upon its plea that this action is barred by the doctrine of res judicata. Therefore, its petition is denied.
PETITION DENIED.
HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] Section 6-5-440 provides:
 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
[2] Max Lovelady and Lovelady Plumbing Company are not parties to this petition.
[3] See Old Republic Ins. Co. v. Lanier, 790 So.2d 922, 928
(Ala. 2000), quoting Wesch v. Folsom, 6 F.3d 1465, 1471 (11th Cir. 1993), cert. denied sub nom. Sinkfield v. Wesch,510 U.S. 1046, 114 S.Ct. 696, 126 L.Ed.2d 663 (1994), and stating, "`Res judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts.'"