[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 396 
Judge Robert Vance, Jr., petitions this Court for a writ of mandamus directing the Court of Civil Appeals to set aside its writ of mandamus ordering Judge Vance to make a judgment final pursuant to Rule 54(b), Ala. R. Civ. P. We grant the petition and issue the writ.
 I.
Roderick Dailey sued SRA Foods, Inc. ("SRA"), in the Jefferson Circuit Court alleging retaliatory-discharge and seeking workers' compensation benefits. Judge Vance held a bench trial on Dailey's workers' compensation claim. At the close of the bench trial, Judge Vance issued an order postponing judgment on the workers' compensation claim until after Dailey's retaliatory-discharge case had been submitted to a jury.
SRA petitioned the Court of Civil Appeals for a writ of mandamus compelling Judge Vance to rule on Dailey's workers' compensation claim. The Court of Civil Appeals granted the petition and issued the writ of mandamus, without an opinion. Exparte Dailey (No. 2020888, July 22, 2003), 891 So.2d 450
(Ala.Civ.App. 2003) (table).[1] In response, Judge Vance, on August 4, 2003, ruled that Dailey had not proven his injury had occurred while he was at work and that, therefore, his injuries were not compensable. Judge Vance further ruled that his order was not a final order, because it did not resolve all of the claims Dailey had raised in his complaint.[2]
SRA then moved the trial court to certify the order as final pursuant to Rule 54(b), Ala. R. Civ. P. Judge Vance denied the motion, and SRA petitioned the Court of Civil Appeals for a writ of mandamus compelling Judge Vance to certify the August 4, 2003, order as final, arguing that Judge Vance exceeded his discretion in failing to certify the order as final. The Court of Civil Appeals granted the petition for the writ of mandamus, without an opinion, on December 9, 2003, directing Judge Vance to certify his order of August 4, 2003, as final pursuant to Rule 54(b), Ala. R. Civ. P. Ex parte SRA Foods, Inc. (No. 2021200, December 9, 2003), 898 So.2d 932 (Ala.Civ.App. 2003) (table). Judge Vance now petitions this Court for the writ of mandamus requesting that we direct the Court of Civil Appeals to quash its writ. *Page 397 
 II.
This Court reviews de novo the issuance of a writ of mandamus by the Court of Civil Appeals. Rule 21(e), Ala. R.App. P. Review of a writ of mandamus issued by the Court of Civil Appeals is properly sought through a petition for the writ of mandamus to this Court. Rule 21(e), Ala. R.App. P. "`"Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."'" Ex parteSears, Roebuck Co., 895 So.2d 265 (Ala. 2004) (quoting Exparte Mardis, 628 So.2d 605, 606 (Ala. 1993) (quoting in turnEx parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990))). "The petitioner bears the burden of proving each of these elements before the writ will issue." Ex parte Glover,801 So.2d 1, 6 (Ala. 2001) (citing Ex parte Consolidated Publ'gCo., 601 So.2d 423 (Ala. 1992)).
Judge Vance, citing Ex parte Showers, 812 So.2d 277 (Ala. 2001), argues that the Court of Civil Appeals erred in granting SRA's petition for the writ of mandamus because, he says, SRA has not shown a clear legal right to the relief requested. In Exparte Showers, Martie Showers sued the Health Care Authority of the City of Huntsville, several doctors, and their respective business entities (hereinafter referred to collectively as "the Health Care Authority") alleging wrongful death arising out of medical care given to her son. 812 So.2d at 278. Showers and the Health Care Authority engaged in several pretrial discovery disputes. After the trial court excluded Showers's expert witness shortly before the scheduled trial date, one of the doctors moved for a summary judgment, which the trial court granted. 812 So.2d at 278.
Showers petitioned this Court for a writ of mandamus directing the trial judge to certify the summary judgment as final under Rule 54(b), Ala. R. Civ. P.[3] Ex parte Showers, 812 So.2d at 278. This Court stated: "Showers cites no authority, and we are aware of none, that supports her position that she is entitled to a writ of mandamus compelling the trial court . . . to issue a Rule 54(b), Ala. R. Civ. P., certification of finality. . . ." 812 So.2d at 281. Further, this Court noted that an argument that fails to cite any legal authority in support of its claims as required by Rule 28(a)(5), Ala. R.App. P.,[4]
violates Rule 21, Ala. R.App. P.
SRA argues that Cleckler v. A C Air Conditioning Heating,Inc., 820 So.2d 830, 836 (Ala.Civ.App. 2001), which it cited in support of its petition for the writ of mandamus, provides clear legal authority for requiring Judge Vance to certify his order as final. In Cleckler, the Court of Civil Appeals held that a successful claim for workers' compensation benefits was not a prerequisite to a retaliatory-discharge action. 820 So.2d at 830. Thus, SRA argues, because it is possible for Dailey to maintain a retaliatory-discharge action without being successful on his workers' compensation claim, the writ of *Page 398 
mandamus compelling Judge Vance to finalize his order should issue. Additionally, SRA argues that Judge Vance is obligated to make his ruling final because, it argues, the Alabama Workers' Compensation Act requires that a trial judge hear and determine workers' compensation claims.[5]
It is undisputed that Judge Vance has issued a ruling on Dailey's workers' compensation claim.[6] Thus, Judge Vance has complied with the Alabama Workers' Compensation Act. However, the Alabama Workers' Compensation Act does not require Judge Vance to make that ruling final pursuant to Rule 54(b), Ala. R. Civ. P., before resolving other issues raised in Dailey's complaint.[7]
The fact that a judge may render an order final before all issues in a case are resolved does not mean that he or she is required to do so. Ex parte National Ins. Underwriters,366 So.2d 687, 690 (Ala. 1978) ("Thus, while the trial court could have made a Rule 54(b) certification that court was not under a clear legal duty to do so."). Indeed, "[c]ertifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely." State v. Lawhorn, 830 So.2d 720, 725
(Ala. 2002) (citing Branch v. SouthTrust Bank of Dothan N.A.,514 So.2d 1373 (Ala. 1987)). SRA has not cited any legal authority demonstrating that it has a clear legal right to a Rule 54(b) certification of finality.
 III.
SRA argues that if Dailey's retaliatory-discharge claim is submitted to the jury and if the jury finds in Dailey's favor and, finally, if Judge Vance then alters his original order to comport with the jury's findings, then Judge Vance will have exceeded his discretion by allowing a jury to determine the outcome of a workers' compensation claim. SRA's argument addresses harm that may or may not occur. For the writ of mandamus to issue *Page 399 
"`[t]he right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief. The writ will not issue where the right in question is doubtful.'" Goolsby v. Green, 431 So.2d 955, 958 (Ala. 1983) (quoting Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102
(Ala. 1981)). This Court does not issue the writ of mandamus based on mere speculation as to the possible occurrence of future events. Moreover, a writ of mandamus is not proper where other adequate remedies are available. Ex parte Fowler,574 So.2d 745, 747 (Ala. 1990) ("the writ [of mandamus] cannot be used as a substitute for appellate review") (citing Echols v. HousingAuth. of Auburn, 377 So.2d 952 (Ala. 1979)). SRA concedes in its appellate brief that the conjectural events and related hypothetical issues about which it expresses concern can be addressed upon appeal. "This Court will not issue the writ of mandamus where the petitioner has `"full and adequate relief"' by appeal." Ex parte Ocwen Fed. Bank, 872 So.2d 810, 813 (Ala. 2003) (citing State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523,526 (1972)).
 IV.
Finally, SRA argues that mandamus relief is appropriate because, it argues, SRA has hired two law firms in this matter, one to handle the workers' compensation proceedings and the other to handle the retaliatory-discharge claim. Thus, SRA argues, if this Court does not direct Judge Vance to make his order final pursuant to Rule 54(b), Ala. R. Civ. P., then SRA will incur attorney fees from both law firms over the course of the trial. SRA argues that this will result in severe damage to SRA and that an appeal will not provide full and adequate relief in this case. However, "expense and inconvenience" are not alone sufficient reasons to issue the writ of mandamus when the matter complained of can be reviewed by this Court on appeal. Ex parte Moss,278 Ala. 628, 630, 179 So.2d 753, 755 (1965); see also Ex parteBrooks, 264 Ala. 674, 89 So.2d 100 (1956).
 V.
Judge Vance's petition for the writ of mandamus is granted; the Court of Civil Appeals is directed to quash the writ of mandamus it issued on December 9, 2003, requiring Judge Vance to certify his order of August 4, 2003, as final pursuant to Rule 54(b), Ala. R. Civ. P.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] The petition for the writ of mandamus was filed by SRA, although the Court of Civil Appeals docketed the petition as "Ex parte Dailey."
[2] Further pertinent portions of the order read as follows:
 "This order is not a final judgment because it does not resolve all claims that have been raised. The plaintiff has also asserted a retaliatory-discharge claim with a trial on that claim scheduled to proceed on October 6, 2003. This order is instead an interlocutory, conditional determination regarding the factual issue of where the plaintiff's injury occurred. . . . In the event the plaintiff's discharge claim goes to the jury and a verdict in plaintiff's favor results therefrom, one must conclude that the jury regarded the plaintiff's injury as having occurred while he was working. Under such a scenario, the conclusion reached in this order would have to yield to the jury's contrary determination. That appears to be the only way to comply with the requirements of [Ex parte] Taylor
[, 828 So.2d 883 (Ala. 2001),] and [Ex parte] Thorn
[, 788 So.2d 140 (Ala. 2000)]. Unless and until that scenario develops, however, this order excuses the defendant from all further obligations for medical treatment and compensation benefits."
[3] Showers requested that the writ of mandamus alternatively direct the trial court to set aside the summary judgment or to provide the certification required under Rule 5, Ala. R.App. P., so that she could immediately appeal the trial judge's ruling.Ex parte Showers, 812 So.2d at 278.
[4] Rule 28(a), Ala. R.App. P., has been amended since Exparte Showers was decided. The requirement that an appellate brief contain citation to legal authority now appears in Rule 28(a)(10), Ala. R.App. P.
[5] Section 25-5-81(a)(1), Ala. Code 1975, provides, in pertinent part:
 "The controversy [regarding workers' compensation benefits] shall be heard and determined by the judge who would hear and determine a civil action between the same parties arising out of tort, and, in case there is more than one judge of the court, the controversies shall be set and assigned for hearing under the same rules and statutes that civil actions in tort are set and assigned. . . . The decision of the judge hearing the same shall be conclusive and binding between the parties, subject to the right of appeal provided for in this article."
[6] Judge Vance's order of August 4, 2003, provides in relevant part: "Accordingly, the Court must conclude that the plaintiff has not met his burden of showing that his injury occurred while at work. His injury is thus not compensable under the workers' compensation laws of this State."
[7] Section 25-5-88, Ala. Code 1975, in referring to the rules of procedure applicable to a workers' compensation action provides: "[S]aid action shall proceed in accordance with and shall be governed by the same rules and statutes as govern civil actions." Thus, with the notable exceptions found in §§ 25-5-81
and 25-5-88, the Alabama Rules of Civil Procedure apply to workers' compensation cases. Among these rules is Rule 54(b), which permits, but does not require, a judge to make final an order relating to one, but not all, of the claims presented in a complaint. Rule 54(b), Ala. R. Civ. P., provides, in pertinent part:
 "(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may
direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. . . ."
(Emphasis added.)