PITTMAN, Judge.
Office Max, Inc. (“Office Max”), the former employer of Sandra Richey (“the employee”), seeks review in these consolidated appeals of two orders entered by the Etowah Circuit Court in a single civil action that, in effect, determined that Office Max is solely responsible for providing benefits to the employee under the Alabama Workers’ Compensation Act, Ala. Code 1975, § 25-5-1 et seq. (“the Act”), and directing Office Max to provide particular medical treatment to the employee. Because we lack appellate jurisdiction as to either appeal, we dismiss both appeals.
The employee filed a civil action in July 2007, alleging that she had suffered injuries to her knees and to her shoulders in 2002 and in 2005, respectively, while in the line and scope of her employment with Office Max; she sought an award under the Act of “all compensation, disability, vocational, medical, rehabilitation and other benefits” to which she was entitled to receive from Office Max. On three occasions, in June 2008, March 2010, and July 2010, the employee requested the issuance of orders directing Office Max to provide her with medical care from the treating physician authorized by Office Max, Dr. William Hartzog; the trial court granted those requests over the objections of Office Max. In arguments presented to the trial court at a hearing on the employee’s second request, during which hearing the trial court received testimony from the employee and admitted various medical documents into evidence, Office Max indicated that the employee had left her employment with Office Max and had taken a job with Academy, Ltd. (“Academy”); Office Max contended that that subsequent employment had caused or contributed to the employee’s knee and shoulder conditions such that, under the “last-injurious-exposure” rule, see generally United States Fid. & Guar. Co. v. Stepp, 642 So.2d 712, 715 (Ala.Civ.App.1994), Academy should be deemed responsible for providing benefits to the employee under the Act. In re *957 sponse, counsel for the employee argued, and the trial court ultimately agreed, that Academy could properly be joined by Office Max as a third-party defendant.
Office Max then filed a motion, which was granted, to implead Academy as a party, and it asserted a third-party claim against Academy in which it alleged that the employee had suffered a “re-injury” or an aggravation of a previous shoulder injury and that Academy, rather than Office Max, should be held liable under the Act as to benefits owed to the employee with respect to the injuries she had alleged in her complaint. Academy moved for a summary judgment in its favor on Office Max’s third-party claim, contending that any injuries the employee might have sustained in the line and scope of her employment with Academy were merely recurrences of injuries originally sustained in the line and scope of the employee’s work for Office Max. Office Max filed a response in opposition to Academy’s summary-judgment motion, contending that a genuine issue of material fact existed as to whether the employee had suffered further damage while employed by Academy. The employee, for her part, filed a fourth motion seeking to compel medical treatment, averring that she had been diagnosed with a lesion in her left knee and that Office Max should be directed to authorize surgery to correct that condition. In separate orders entered on February 28, 2011, the trial court granted both Academy’s summary-judgment motion and the employee’s fourth motion to compel. Office Max filed separate notices of appeal as to those orders, and those appeals were consolidated by this court ex mero motu.
As was noted in Ex parte Vance, 900 So.2d 394 (Ala.2004), workers’ compensation actions “ ‘shall proceed in accordance with and shall be governed by the same rules and statutes as govern civil actions.’ ” 900 So.2d at 398 n. 7 (quoting Ala.Code 1975, § 25-5-88). The court in Ex parte Vance also reasoned that because the Alabama Rules of Civil Procedure are applicable in workers’ compensation actions, Rule 54(b), Ala. R. Civ. P., applies in such actions. Id. That rule provides, in pertinent part, that “[w]hen more than one claim for relief is presented in an action, whether as a claim ... or third-party claim, or when multiple parties are involved,” a trial court must make an express determination that there is no just reason for delay and must make an express direction that a final judgment be entered in order for a ruling that “adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties” to be a final, appealable judgment.
In this case, we have no such determination or direction as to either of the trial court’s orders from which Office Max has appealed.[1] Further, because the workers’ compensation claim of the employee against Office Max remains pending in the trial court, the trial court’s orders have adjudicated fewer than all the controverted claims. On the authority of Warren v. Wester, 796 So.2d 377, 379 (Ala.Civ.App.2001), and Bryant v. Flagstar Enters., Inc., 717 So.2d 400, 401-02 (Ala.Civ.App.1998), we conclude that the trial court has not entered a final judgment that will support Office Max’s appeals.[2]
*958 The appeals are dismissed. In dismissing the appeals, however, we note that (a) under Rule 54(b), the trial court retains the power to revise its orders at any time before the entry of a final judgment; and (b) under Ala.Code 1975, § 25-5-88, the trial court has the responsibility to make findings of fact and state conclusions of law in making its final determinations concerning the merits of the parties’ respective contentions.
2100658 — APPEAL DISMISSED.
2100659 — APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, J., concur.
MOORE, J., dissents, with writing, which THOMAS, J., joins.

. As was also noted in Ex parte Vance, “ '[cjertifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.’ ” 900 So.2d at 398 (quoting State v. Lawhorn, 830 So.2d 720, 725 (Ala.2002)).

. We note that Office Max has included a statement in its brief requesting this court, if it determines that no final judgment has been entered, to treat its appellate brief as a mandamus petition. We decline Office Max’s request. As to the order granting Academy's *958 summary-judgment motion, mandamus will not lie as a matter of law. See Ex parte Showers, 812 So.2d 277, 281 (Ala.2001) (holding that, with the exception of summary-judgment motions based on sovereign-immunity issues, appellate courts "will not review the merits of a summary-judgment motion through a writ of mandamus”). As to the order compelling medical treatment, we note that Office Max’s core contention is that either it or Academy will ultimately be held responsible for further medical treatment; thus, unlike the litigation posture present in Ex parte Cowabunga, Inc., 67 So.3d 136 (Ala.Civ.App.2011), which involved only the employer and the employee, a proper appeal by Office Max from a final judgment addressing Academy's responsibilities will serve as an adequate remedy.