THOMPSON, Presiding Judge,
concurring in the result.
I concur in the result insofar as the main opinion reverses the summary judgment in favor of Academy, Ltd. I also concur in the result insofar as the main opinion reverses the order compelling Office Max, Inc., to provide future medical benefits to Sandra Richey (“the employee”). See, e.g., Alpine Assoc. Indus. Servs., Inc. v. Smitherman, 897 So.2d 391 (Ala.Civ.App.2004) (reversal of a partial summary judgment where genuine issues of material fact existed as to whether the employee’s back pain following his work injury represented a recurrence of his previous injury, in which case the employee’s current employer was not responsible for providing medical benefits, or instead represented either a new injury or an aggravation of an old injury, in which case the employee’s current employer was responsible for providing medical benefits). I write separately to note that the case before us highlights the problem that arises when an employee has difficulty obtaining much-needed medical treatment while two employers litigate who is responsible for the payment of medical expenses for one or more compensable injuries. There needs to be a rule of law, preferably a statutory one, that enables an employee situated like the one in this case, where the injuries are compensable and there is a question only as to which employer is liable for the benefits, to obtain necessary medical treatment as expeditiously as possible while the two employers litigate who is ultimately responsible for payment of the medical benefits. In this instance, Office Max acknowledged that its core contention under the “last-injurious-exposure rule” is that “either it or Academy will ultimately be held responsible for further medical treatment.” Office Max, Inc. v. Academy, Ltd., 93 So.3d 955, 957 n. 2 (Ala.Civ.App.2012). Using the procedures under the ombudsman program as a guide, see Ala.Code 1975, § 25-5-292,[1] I encourage our legislature to amend the Workers’ Compensation Act, § 25-5-1 et seq., Ala. Code 1975 (“the Act”), and to grant a trial court, in cases involving disputes where two or more employers are potentially liable for benefits for one or more compensa-ble injuries, the authority to order each employer to pay a proportionate share of the employee’s medical expenses pending a final determination of liability or, especially in cases involving application of the “last-injurious-exposure rule,” to order the employee’s former employer to pay the medical expenses pending a final determination of liability. Then, on a final determination of liability, a nonliable employer would be entitled to reimbursement from the liable employer. I simply do not believe, consistent with the beneficent and benevolent purposes of the Act, that an employee’s claim for, and receipt of, necessary medical treatment should be sidelined *307 while two employers stage a lengthy fight over who is responsible for payment.

. Section 25-5-292 provides, in part:
"(d) If there is a dispute as to which of two or more insurance carriers is liable for compensation for one or more compensable injuries, the ombudsman may issue an interlocutory order directing each insurance carrier to pay a proportionate share of benefits due pending a final decision on liability. The proportionate share shall be determined by dividing the compensation due by the number of insurance carriers involved.
"(e) On final determination of liability, any insurance carrier that has been determined not to be liable for the payment of benefits is entitled to reimbursement from the share paid by the insurance carrier that has been determined to be liable.”