PITTMAN, Judge.
Imperial Aluminum-Scottsboro, LLC (“Imperial”), appeals from a judgment of the Jackson Circuit Court entered on a jury’s. verdict in favor of Tyler D. Taylor on his claim alleging that Imperial discharged him in retaliation- for his having asserted a workers’ compensation claim so as to have -violated § 25-5-11.1, Ala.Code 1975. We dismiss Imperial’s appeal as having been taken from a nonfinal judgment.
In June 2011, Taylor sued Imperial, asserting a claim under the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975. Taylpr also asserted causes of action based on theories of retaliatory discharge .and’ the tort of outrage (“the tort claims”). Imperial answered Taylor’s complaint and, subsequently, filed a motion to sever the workers’ compensation claim from the tort claims. Although *60 Imperial appears to have sought a true severance pursuant to Rule 21, Ala. R. Civ. P., in that Imperial’s motion requested that a new case number be assigned to the tort claims, the trial court entered an order under Rule 42(b), Ala. R. Civ. P., “bifurcating” the issues and calling for separate trials. No new case number was assigned to the tort claims or to the workers’ compensation claim.
The tort claims were tried before a jury-in September 2014. At the close of all the evidence, Imperial moved for a judgment as a matter of law on both the retaliatory-discharge claim and the tort-of-outrage claim. The trial court granted Imperial’s motion as to Taylor’s tort-of-outrage claim but denied the motion as to Taylor’s retaliatory-discharge claim, which was submitted to the jury. The jury returned a verdict in favor of Taylor and awarded him compensatory and punitive damages. The trial court entered a judgment on that verdict, and Imperial appealed. The record, however, does not indicate that Taylor’s workers’ compensation claim has been disposed by the trial court.
Without a final judgment, an appellate court does not have jurisdiction to consider an appeal. Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So.2d 316, 320 (Ala.2001). “A final judgment that will support an appeal is one that puts an end to the proceedings between the parties to a case and leaves nothing for further adjudication.” Id.
“A significant distinction exists between an order separating trials under Rule 42(b)[, Ala. R. Civ. P.,] and one severing claims under Rule 21[, Ala. R. Civ. P.,] because ‘severed claims become independent actions with judgments entered independently, while separate trials lead to one judgment.’ Universal Underwriters Ins. Co. v. East Cent. Alabama Ford-Mercury, Inc., 574 So.2d 716, 725 (Ala.1990). The Committee Comments adopted February 13, 2004, to Rule 21 explain:
“ ‘Confusion has sometimes arisen between a true severance and an order providing for separate trials pursuant to Rule 42(b). The distinction has at least the significance that a judgment on the first of two separate trials is not final, absent an order pursuant to Rule 54(b), Ala. R. Civ. P., while after a true severance a judgment on the first action to come to trial is final and appealable without reference to the proceedings in the severed action. Key v. Robert M. Duke Ins. Agency, 340 So.2d 781, 783 (Ala.1976)....’”
New Acton Coal Mining Co. v. Woods, 49 So.3d 181, 184-85 (Ala.2010) (footnote omitted).
In Office Max, Inc. v. Academy, Ltd., 93 So.3d 955, 957 (Ala.Civ.App.2012), this court stated:
“As was noted in Ex parte Vance, 900 So.2d 394 (Ala.2004), workers’ compensation actions “‘shall proceed in accordance with and shall be governed, by the same rules and statutes as govern civil actions.” ’ 900 So.2d at 398 n. 7 (quoting Ala.Code 1975, § 25-5-88). The court in Ex parte Vance also reasoned that because the Alabama Rules of Civil Procedure are applicable in workers’ compensation actions, Rule 54(b), Ala. R. Civ. P., applies in such actions. Id. That rule provides, in pertinent part, that ‘[wjhen more than one claim for relief is presented in an action, whether as a claim ... or third-party claim, or when multiple parties are involved,’ a trial court must make an express determination that there is no just reason for delay and must make an express direction that a final judgment be entered in order for a ruling that ‘adjudicates fewer than all the claims or the rights *61 and liabilities of fewer than all the parties’ to be a final, appealable judgment.”
Because Taylor’s tort claims were not severed from his workers’ compensation claim, because the record indicates that Taylor’s workers’ compensation claim has not been disposed, and because the trial court did not certify its judgment as final pursuant to Rule 54(b), Ala. R. Civ. P., there has been no final judgment in this case that would support this court’s jurisdiction.[1] Accordingly, we dismiss Imperial’s appeal for lack of a final, appeal-able judgment.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. “As was also noted in Ex parte Vance, “Certifications under Rule 54(b)[, Ala. R. Civ. P.,] should be entered only in exceptional cases and should not be entered routinely.” ’ 900 So.2d [394] at 398 [ (Ala.2004) ] (quoting State v. Lawhorn, 830 So.2d 720, 725 (Ala.2002)).” Office Max, Inc., 93 So.3d at 957 n. 1.