Wharfhouse Restaurant and Oyster Bar, Inc. ("Wharfhouse"), petitions this Court for writ of mandamus directing the Montgomery Circuit Court to set Wharfhouse's claims against McInnis Corporation ("McInnis") for pretrial conference pursuant to Rule 16(a), Ala. R. Civ. P, and, additionally or alternatively, directing the circuit court to set for trial Wharfhouse's remaining claims. We grant the petition and issue the writ, without prejudice as to McInnis's right to seek a dismissal pursuant to Rule 41(b), Ala.R.Civ.P.
This case has been before this Court on two previous occasions.[1]
The underlying litigation arose when Norman Barber and Brenda Barber, in one action, and Ben Jernigan, in another action, sued the Alabama Department of Transportation ("the State") and McInnis, a company performing on a contract with the State. The Barbers owned stock in Wharfhouse, and Wharfhouse, as landlord, leased restaurant property to its tenant, Jernigan. The Barbers and Jernigan were represented by the same counsel.
The plaintiffs in each action claimed that, while constructing the Dog River Bridge in Mobile County, the State and McInnis had caused physical damage to the restaurant property, destroyed the restaurant as a viable business, and diminished the value of the property as a whole. The claims against the State were based on allegations that the plaintiffs should be justly compensated for the "taking" of the property under Art. I, § 23, and Art. XII, § 235, Ala. Const. 1901; that the State was liable in damages for negligence or wantonness in connection with the construction of the bridge; and that the State was liable for willful injury to the plaintiffs' property interests. The claims against McInnis were based on allegations of negligent, wanton, or willful injury to the property. The Barbers' action and Jernigan's action were consolidated for discovery and trial. McInnis filed a third-party complaint against PH Construction Company, Inc. ("PH"), seeking contractual indemnity because McInnis had subcontracted the pile-driving operation for the bridge construction to PH. Neither the Barbers nor Jernigan sued PH. Later, the Barbers' complaint was amended to add Wharfhouse as a plaintiff. Wharfhouse was represented by the same counsel as the Barbers and Jernigan in the consolidated actions.
Each defendant moved for a summary judgment. The trial court entered a summary *Page 318 
judgment in favor of the State and McInnis on the Barbers' claims, Wharfhouse's claims, and Jernigan's claims and entered a summary judgment in favor of PH on McInnis's third-party claim. The Barbers, Wharfhouse, and Jernigan appealed from the summary judgments in favor of the defendants. McInnis, however, did not appeal the summary judgment entered against it on its third-party complaint.
On appeal,[2] this Court held that the summary judgment for the State was proper as to the Barbers' claim of inverse condemnation because the action could have been brought only by one with a property interest in the affected property.[3] This Court also held that the summary judgment in favor of the State on the plaintiffs' tort claims was proper, based on the doctrine of sovereign immunity under Art. I, §14, Ala. Const. 1901. Further, this Court concluded that the summary judgment in favor of McInnis on the plaintiffs' willfulness claims and the negligence and wantonness claims in connection with the pile-driving operations by PH were proper, and stated that the evidence indicated that the pile-driving techniques used by PH conformed to the generally accepted pile-driving practices.
In reversing the summary judgment in part, this Court held that genuine issues of material fact existed: 1) as to the elements of causation and damage in Wharfhouse's and Jernigan's claims against the State for inverse condemnation;[4] 2) in Wharfhouse's and Jernigan's claims against McInnis, whether McInnis acted with reasonable care in its construction of the bridge and, if not, whether its failure to so act proximately caused damage to the property; and 3) in Wharfhouse's and Jernigan's claims against McInnis, whether McInnis acted wantonly. For these reasons, this Court remanded the cause to the trial court. See generally, Barber v. State, 703 So.2d 314 (Ala. 1997).
On remand, the trial court set the remaining issues for trial. PH, the third-party defendant, petitioned this Court for a writ of mandamus[5]
requesting that we declare it a "nonparty" and direct the trial court to dismiss it, because of McInnis's failure to timely appeal from the summary judgment entered against it on its third-party claim. This Court granted the petition and issued the writ; the trial court was instructed to dismiss PH as a defendant. See generally Ex parte PH ConstructionCo., 723 So.2d 45 (Ala. 1998).
Meanwhile, the lawyers representing the three plaintiffs' who had commenced the consolidated actions of the Barbers, Wharfhouse, and Jernigan, moved to withdraw as counsel for the Barbers and Wharfhouse. McInnis noted in its response to counsel's motion to withdraw that the Barbers no longer remained as plaintiffs because their claims had been fully adjudicated by this Court's decision in Barber v. State,703 So.2d 314 (Ala. 1997). The trial court granted the motion in January, 1999. The same lawyers, however, continued to represent Jernigan, because they had not sought to withdraw from that representation. Also, in January 1999, the trial court set the consolidated *Page 319 
cases for trial on September 13, 1999. During the next few months, Wharfhouse claims, it attempted, but was unable, to retain counsel.
In June 1999, the court entered a summary judgment, in favor of the State and against Wharfhouse and Jernigan, on the inverse condemnation claim. Wharfhouse claims that it was not represented by counsel at the time the summary judgment was entered. However, Wharfhouse has not sought review of that summary judgment.
In August 1999, the trial judge recused himself, and a new trial judge was assigned. The order of recusal is noted in the case action summary regarding Jernigan's action; however, no such order appears in the case action summary for Wharfhouse's action.[6] The trial court notified Wharfhouse, by mail addressed to the Barbers, that its case was set for trial on September 13, 1999. The trial commenced on that date, but neither Wharfhouse nor its officers appeared. The trial of Jernigan's claims against McInnis concluded on September 17, 1999, when the jury returned a verdict in favor of the plaintiff Ben Jernigan, and against the defendant McInnis in the amount of $250,000.[7]
Wharfhouse eventually retained counsel, who entered an appearance for Wharfhouse on November 5, 1999. In December 1999, Wharfhouse moved for a partial summary judgment against McInnis on the grounds of res judicata or collateral estoppel, contending that its claims against McInnis were the same as Jernigan's and that, because McInnis did not appeal from the judgment in favor of Jernigan, it was bound by that judgment with regard to Wharfhouse. Wharfhouse also claimed that because it had not been able to retain counsel and had been unrepresented by counsel, its case had been continued from the scheduled trial date.
McInnis moved to strike Wharfhouse's motion, stating that Wharfhouse's claims had not been continued from the scheduled trial date of September 13, 1999, and that Wharfhouse, up until that time, had participated in pretrial proceedings, making multiple appearances and filings with the trial court through its officers, the Barbers.[8] The trial court, in its order of December 29, 1999, denied Wharfhouse's motion, stating:
 "The Court, having carefully considered the motion of the Wharfhouse Restaurant and Oyster Bar, Inc. for partial summary judgment against [McInnis] and the response thereto by [McInnis], the Court finds [Wharfhouse] failed to prosecute the claims and failed to appear at trial. The date of trial was set and served upon [Wharfhouse] on January 19, 1999. [Wharfhouse] had ample opportunity to secure counsel or to appear pro se, and further did not request a continuance of the trial date."
Wharfhouse moved the trial court to reconsider its December 1999 order denying the motion for summary judgment. On February 10, 2000, Wharfhouse requested that the trial court, pursuant to Rule 16(a), Ala.R.Civ.P., set the case for a pretrial conference. McInnis responded to that motion by arguing that the trial court had retained no jurisdiction over Wharfhouse or its claims. The trial court *Page 320 
denied the motion to reconsider on February 15, 2000. Wharfhouse claims that the trial court did not rule on the motion to set the case for pretrial conference. On May 4, 2000, Wharfhouse served a notice of deposition on McInnis, pursuant to Rule 30(b)(6), Ala.R.Civ.P. Wharfhouse claims that McInnis refused to produce a witness for deposition.
Wharfhouse petitioned this Court on June 29, 2000, requesting that we direct the trial court to grant Wharfhouse's motion to set the case for a pretrial conference, and, additionally or alternatively, directing the trial court to set for trial Wharfhouse's remaining claims against McInnis. Wharfhouse argues that the trial court has made no order either purporting to terminate Wharfhouse's claims or ordering Wharfhouse to either retain counsel by a certain date or risk dismissal for failure to prosecute its claims. Neither has McInnis moved to dismiss Wharfhouse's claims pursuant to Rule 41(b) for failure to prosecute or failure to appear at trial. Thus, Wharfhouse claims, no final order has been entered by the trial court to terminate Wharfhouse's claims. Wharfhouse argues that it has a "clear legal right to litigate its claims against McInnis."
McInnis acknowledges that the trial court did not at trial enter an order dismissing Wharfhouse's claims for want of prosecution. However, McInnis argues, the trial court did state in its order of December 29, 1999, denying summary judgment, that Wharfhouse had failed to prosecute its claims; this failure, McInnis argues, barred further proceedings. McInnis also claims that the trial court has the inherent ability to apply Rule 41(b), Ala.R.Civ.P., to involuntarily dismiss Wharfhouse's claims ex mero motu, relying on Link v. Wabash R.R., 370 U.S. 626
(1962).
In order to terminate a civil action filed in an Alabama court, the court must enter a final judgment in that action. Rule 58(b), Ala.R.Civ.P., states:
 "The judgment or order . . . will be sufficient if it is signed or initialed by the judge . . . and indicates an intention to adjudicate, considering the whole record, and if it indicates the substance of the adjudication."
A final judgment that will support an appeal is one that puts an end to the proceedings between the parties to a case and leaves nothing for further adjudication. See City of Birmingham v. City of Fairfield,396 So.2d 692 (Ala. 1981). "A judgment need no longer be phrased in formal language nor bear particular words of adjudication. It is sufficient if it is signed or initialed by the trial court and, in considering the entire record, it evidences an intention to adjudicate and the substance of adjudication." Dudley v. State Dep't of Human Res.,555 So.2d 1121, 1121 (Ala.Civ.App. 1989) (citing Rule 58(c), Ala.R.Civ.P., and Purnell v. Covington County Bd. of Educ., 519 So.2d 560
(Ala.Civ.App. 1987)). Without a final judgment, this Court is without jurisdiction to hear an appeal. Cates v. Bush, 293 Ala. 535, 307 So.2d 6
(1975).
The trial court did not enter a final judgment on Wharfhouse's claims. The court denied Wharfhouse's motion for a summary judgment against McInnis, stating: "[The court] finds [Wharfhouse] failed to prosecute the claim and failed to appear at trial." However, no final judgment is noted in Wharfhouse's case action summary. We decline to treat the order denying the summary judgment as sufficient to satisfy the Rule 58(b) requirements for a judgment; the clearly indicated substance of the adjudication is the denial of a motion for summary judgment and not a judgment *Page 321 
in favor of McInnis and against Wharfhouse. Thus, McInnis's reliance on Wabash is not appropriate under these circumstances.[9]
At trial, the jury returned a verdict in favor of only Jernigan, never referring in its verdict to Wharfhouse or to its claims. Moreover, that verdict was entered only on Jernigan's case action summary, and appears nowhere in Wharfhouse's case action summary. Considering the entire record, we conclude that Wharfhouse's claims against McInnis have not been fully adjudicated. Thus, Wharfhouse is entitled to have the trial court either enter a final judgment disposing of Wharfhouse's claims, and thereby allowing it to have an appealable order on the merits of its claims, or to have the trial court set the case for a pretrial conference. Of course, McInnis has the right to seek an involuntary dismissal of Wharfhouse's claims pursuant to Rule 41(b), if it so chooses. If the court granted a motion by McInnis to dismiss, then an appeal from the dismissal would allow us to review Wharfhouse's claims on the merits. If the court denied such a motion, then further proceedings in the trial court would be appropriate.
Wharfhouse's petition for the writ of mandamus is granted. The writ is issued, without prejudice to McInnis's right to seek an involuntary dismissal of the claims pursuant to Rule 41(b), based upon Wharfhouse's failure to appear when its claims were set for trial and based upon the claim that Wharfhouse had failed to prosecute its claims against McInnis.
PETITION GRANTED; WRIT ISSUED.
Moore, C.J., and Houston, See, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
[1] See Barber v. State, 703 So.2d 314 (Ala. 1997), and Ex parte PHConstr. Co., 723 So.2d 45 (Ala. 1998).
[2] Barber v. State, 703 So.2d 314, n. 1 (Ala. 1997).
[3] The Barbers had previously transferred all of their ownership interest in the property to the corporation, Wharfhouse, in order for it to assume the liabilities and the operation of the restaurant.
[4] This Court ordered that any inverse-condemnation award should be divided between Wharfhouse and Jernigan.
[5] Ex parte PH Constr. Co., supra, 723 So.2d at 46 n. 1.
[6] Although the actions were consolidated, the trial court retained a separate case action summary for each action.
[7] The court entered a judgment on that verdict only on Jernigan's case action summary and only as to Jernigan, not Wharfhouse. The judgment was satisfied on November 17, 1999.
[8] No issue has been raised as to the authority of Wharfhouse, a corporation, to be represented in these proceedings by its officers.
[9] In Wabash, the district court expressly ordered the actiondismissed for the failure of the plaintiff's counsel to appear at a scheduled pretrial conference and for failure to prosecute the action.