MURDOCK, Judge.
Louretta Geneva Peoples, the wife, appeals from a judgment of the Calhoun Circuit Court divorcing her from Joseph Lee Peoples, the husband. The wife argues that the trial court abused its discretion by refusing to award her a portion of the husband’s military-retirement benefits and that it abused its discretion by denying her purported Rule 60, Ala. R. Civ. P., motion. However, the wife’s appeal is due to be dismissed as from a nonfinal order.
The parties married in 1972 and they had four children, all of whom were adults at the time of the trial. The parties separated in April 2000. At the time of the trial, the wife was 48 years old and had worked in the civil service of the United States for 21 years; the husband was 51 years old and was about to retire from the United States’ military after 30 years of service.
In September 2001, the wife filed a complaint for divorce in the Calhoun Circuit Court, alleging that the husband had committed adultery, that she and the husband were incompatible, and that there had been an irretrievable breakdown of the marriage. She requested that the trial court divide the parties’ property and debts in an equitable manner and that it award her $850 per month in alimony. The husband filed an answer to the wife’s complaint denying most of her allegations, including the allegation that he had committed adultery.
The trial court held a hearing at which it received documentary and ore tenus evidence. It issued a judgment of divorce in May 2002 based upon “an incompatibility of temperament between the parties which has led to a complete and irretrievable breakdown of the parties’ marriage.” The trial court awarded the wife the parties’ home in Eastaboga, Alabama, and it awarded the husband the parties’ home in North Carolina. It also divided the parties personal property based upon an agreement of the parties reached at trial, and it awarded each party all checking accounts and savings accounts that were in that party’s name.
In regard to the parties’ retirement plans, in the same paragraph that awarded the parties their respective financial accounts, the trial court stated:
“The Court reserves for future consideration the issue of the distribution of Military retired pay, any voluntary separation incentive, special separation benefits, early separation benefits, medical *839 disability retirement benefits, military retirement benefits merged with other federal retirement plans and other qualified savings plans.”
We note that the husband had a retirement plan through the United States’ military that he testified would pay him $3,200 per month and that the wife’s retirement plan consisted of a thrift savings plan through her employment in the civil service. The wife’s thrift savings plan contained a balance of approximately $40,000.
In a separate numbered paragraph titled “ALIMONY,” the trial court also “reserve[d] for future consideration the issue of alimony to either party.” The reservation of the issues of the distribution of the parties’ retirement benefits and the award of alimony were apparently based upon the husband’s testimony that he might have “Lou Gherig’s disease” and that he was uncertain of his future employment prospects.
In June 2002, the wife filed a motion requesting, in part, that the trial court modify its judgment by correcting the spelling of her name in the judgment and by awarding her 50% of the husband’s military-retirement benefits. At the time of the hearing on the wife’s motion, the husband had retired from the military and he was employed in a “temporary job on probation.” After the hearing, the trial court entered an order granting the wife’s request to correct the spelling of her name and denying her request that she be awarded 50% of the husband’s retirement benefits. The order also stated, in pertinent part, that “[a]ny and all other relief prayed for in [the wife’s motion] which is not specifically granted herein is hereby DENIED and all other elements and Orders contained in the Judgment of Divorce entered in this cause hereby remain in full force and effect.”
Approximately three weeks after the trial court entered its order denying the wife’s June 2002 motion, she filed a second motion alleging that in February 2001 the parties had entered into a settlement agreement as to the division of their property in the event of their divorce. The wife attached a copy of the alleged settlement agreement to her motion. She alleged that she was entitled to relief from the trial court’s judgment based upon paragraphs (b)(1), (b)(3), (b)(4), (b)(5), and (b)(6) of Rule 60. One week after the wife filed her Rule 60(b) motion, the trial court entered an order denying the motion. The following day, the wife filed a notice of appeal.
The wife argues that the trial court abused its discretion by not awarding her a portion of the husband’s military-retirement benefits and that it abused its discretion by denying her purported Rule 60 motion.
Although neither party has questioned this court’s jurisdiction, we must consider whether we have jurisdiction over this appeal, because “‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (AIa.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). “It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.” Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981). A ruling that relates to fewer than all the parties in a case, or that determines fewer than all the claims, is ordinarily not final as to any of the parties or as to any of the claims. Rule 54(b), Ala. R. Civ. P.; see McGlothlin v. First Alabama Bank, 599 So.2d 1137 (Ala.1992). A “final judgment is a ‘terminal decision which demonstrates there has been a complete adjudication of *840 all matters in controversy between the litigants.’ ” Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990) (quoting Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986)). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case; if the appellee has not moved for a dismissal, then the court should dismiss the appeal on its own motion. See Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871 (Ala.Civ.App.1979).
In its judgment, the trial court reserved judgment as to the division of the parties’ retirement accounts.
“Section 30-2-51(a)[, Ala.Code 1975,] provides in part that ‘the judge, upon granting a divorce,’ may direct that marital property from one spouse’s estate be given to the other spouse. Subsection (b), which immediately follows this subsection provides:
“ ‘(b) The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed.... ’
[[Image here]]
“A reading of § 30-2-51(b) indicates that a trial judge has the discretion to divide a spouse’s retirement benefits if either of two conditions exists at the time the complaint for divorce is filed: a spouse must have a vested interest in or be receiving retirement benefits.” [1]
Smith v. Smith, 836 So.2d 893, 899 (Ala. Civ.App.2002) (emphasis omitted).
This court concluded in Owens v. Owens, 739 So.2d 511 (Ala.Civ.App.1999):
“The question whether an order is a final order may be phrased as whether there is ‘something more for the court to do.’ Wesley v. Brandon, 419 So.2d 257[, 258] (Ala.Civ.App.1982). The wife’s claim for medical expenses, contained in the first count of her petition, as well as her request for a modification of the husband’s child-support obligation, contained in the second count, remain pending in the trial court. Clearly, the order appealed from did not resolve all the issues before the court. It is therefore not final. Thus, this appeal was premature, and we must dismiss it.”
Owens, 739 So.2d at 513. Likewise, in the present case, the trial court has not completely adjudicated the issue of the division of marital property; rather, it has expressly reserved the issue of the division of the husband’s and the wife’s retirement accounts. The judgment appealed from therefore is not final. Accordingly, we must dismiss it.[2]
The appellee’s request for the award of an attorney fee on appeal is denied.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.

. ' "Section 30-2-51(b) then states that the trial judge's discretion to divide retirement benefits is further limited by three additional conditions: the 10-year marriage rule of subsection (1); the post-nuptial acquisition-of-benefits rule of subsection (2); and the 50 percent division rule of subsection (3).” Smith, 836 So.2d at 899.

. By our dismissal of the trial court's judgment, we do not intend to suggest that the trial court could not take into consideration its disposition of the parties’ assets, including the husband’s and the wife's retirement accounts, in determining what, if any, periodic-alimony obligation to impose upon either party now or in the future.