BRYAN, Judge.
Julia W. Faellaci (“the wife”) and Jared S. Faellaci (“the husband”) were married on July 22, 1995, and three children were born during the parties marriage: a boy, born in May 2000; and two girls, one born in September 2002 and the second born in April 2004 (collectively referred to hereinafter as “the children”). On May 8, 2006, the Houston Circuit Court (“the trial court”) entered a judgment of legal separation that incorporated a separation agreement that had been signed by the parties on or about April 10, 2006 (“the separation agreement”). Pursuant to the *924 separation agreement, the wife exercised sole custody of the children, subject to the husband’s visitation rights that were set forth in the separation agreement. The separation agreement also contained the following provision regarding the husband’s child-support obligation:
“The parties agree that the [hjusband’s income exceeds the Alabama Child Support Guidelines, and the [h]usband agrees to promptly pay child support for the minor children of the parties in the sum of $5,000.00 monthly. [The h]us-band further agrees as additional child support, to pay 50% of the net after tax income of any commission or bonus in excess of his base salary and will supply the necessary W-2’s or 1099’s at the end of each year as proof of compliance with this provision.”
On February 28, 2008, the husband filed a petition to set aside the separation agreement and a complaint for a divorce. The wife filed a motion to dismiss the husband’s petition to set aside the separation agreement, an answer to the husband’s complaint for a divorce, and a petition for a rule nisi alleging that the husband had failed to fully comply with the terms of the separation agreement regarding his child-support obligation. The husband subsequently filed a motion to convert his petition to set aside the separation agreement to a petition for modification of the separation agreement. The husband alleged that a material change of circumstances existed to support modification of the separation agreement regarding child support, custody, and visitation. The husband requested joint custody of the children, expanded visitation rights, calculation of his child-support obligation pursuant to Rule 32, Ala. R. Jud. Admin., and a dissolution of the marriage.[1]
Following a joint motion filed by the parties, the trial court entered a judgment divorcing the parties and reserving jurisdiction to enter a final judgment resolving the issues that remained pending before the trial court. The trial court further ordered that the judgment of legal separation and the provisions of the separation agreement remained valid until a final judgment was entered.
Following an ore tenus hearing, the trial court entered a judgment on November 10, 2009, that awarded the parties joint legal custody of the children, awarded the wife primary physical custody of the children, and awarded the husband specific visitation rights. The trial court further ordered the husband to pay child support in the amount of $4,000 a month, and it ordered the husband to pay the wife his child-support arrearage, which was determined to be $100,000. Pursuant to the trial court’s judgment, all other provisions of the separation agreement remained in “full force and effect.”
The wife filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., alleging, among other things, that the trial court had exceeded its discretion by failing to award her interest on the husband’s child-support arrearage. The trial court conducted a hearing on the wife’s post-judgment motion on January 5, 2010. On January 6, 2010, the trial court entered an order that stated: “After hearing, [the wifej’s motion for a new trial is denied, except interest calculations and the two issues [regarding visitation] upon which the parties have agreed. Attorneys shall submit [an] amended decree within 14 *925 days.” The husband subsequently filed a “response to request for interest on ar-rearage,” arguing that the he does not owe interest on his child-support arrearage because, based on the child-support language in the separation agreement, there was no ascertainable due date for his child-support obligation. The trial court conducted a hearing on the husband’s motion on February 25, 2010, but the record does not contain any further orders entered by the trial court. The wife filed a notice of appeal on April 16, 2010.
The wife raises several issues for this court to review on appeal; however, we must first determine whether this court has jurisdiction to hear the wife’s appeal. See Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987) (stating that “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero rnotu ”). When a judgment fails to completely adjudicate all issues between the parties, the judgment is nonfinal. Giardina v. Giardina, 39 So.3d 204, 207 (Ala.Civ.App.2009). Ordinarily, an appeal will lie only from a final judgment. Id.
This court has consistently held that a trial court’s failure to rule on contempt petitions filed in a divorce action render the divorce judgment nonfinal. See Brunson v. Brunson, 991 So.2d 723, 724-25 (Ala.Civ.App.2007). However, before making a determination regarding the finality of a judgment that does not explicitly address a pending contempt petition, this court will consider whether any part of the trial court’s judgment implicitly rules on the pending contempt petition that was not explicitly ruled on in the judgment. Id., (quoting Heaston v. Nabors, 889 So.2d 588, 590 (Ala.Civ.App.2004)); see also A.C. v. C.C., 34 So.3d 1281, 1287 (Ala.Civ.App.2009) (dismissing an appeal as being from a nonfinal judgment when several pending contempt motions were left unadjudicated and there was nothing in the trial court’s purported final judgment that “constitute^ an implicit ruling on any of the contempt motions”).
At the conclusion of the ore tenus hearing in this case, the trial court issued its judgment from the bench and ordered the parties’ attorneys to draw up an order reflecting its ruling. During that discussion, the wife’s attorney stated that the trial court had not ruled on the wife’s pending petition for a rule nisi, and he pointed out that the trial court’s failure to do so would render the judgment nonfi-nal. The trial-court judge responded that his award of a child-support arrearage to the wife was intended as a ruling on her petition for a rule nisi. See Frasemer v. Frasemer, 578 So.2d 1346, 1349 (Ala.Civ.App.1991) (child-support arrearage must be awarded even if payor’s behavior was not contemptuous). We conclude that such an expression, followed by an order that did not specifically hold the husband in contempt, satisfies this court, in these particular circumstances, that the trial court implicitly concluded that the husband’s behavior did not rise to the level of contempt in this case. Although an explicit ruling on pending contempt petitions is always more desirable, we find that the trial court’s judgment sufficiently indicates an intention to conclusively rule on the wife’s pending petition for a rule nisi. See Horwitz v. Horwitz, 897 So.2d 337, 344 (Ala.Civ.App.2004) (failure to explicitly rule on a pending contempt petition on one count did not affect finality of the judgment because the finding of contempt on a second count was sufficient to indicate an implicit denial of a finding of contempt on the first count). Accordingly, we conclude that the judgment entered on November 10, 2009, was a final judgment.
*926 However, we must now determine whether the trial court’s postjudgment order granting the wife’s postjudgment motion in part without entering an order effectuating the relief granted affects this court’s jurisdiction to hear the wife’s appeal. In her brief on appeal, the wife argues that her appeal is properly before this court, despite the fact that the trial court granted her postjudgment motion in part, because its failure to enter an order actually modifying any part of the divorce judgment rendered her postjudgment motion denied by operation of law on the 90th day after she filed her postjudgment motion. See Rule 59.1, Ala. R. Civ. P. (“A failure by the trial court to render an order disposing of any pending post-judgment motion within [90 days] ... shall constitute a denial of such motion as of the date of the expiration of the period.”). We disagree. Rule 59.1 is applicable only when the trial court fails “to render an order disposing of any pending post-judgment motion within [90 days]....” The record indicates that the trial court disposed of the wife’s postjudgment motion by granting her postjudgment request for an award of interest on the husband’s child-support arrearage, as well as an agreed-upon modification of the husband’s visitation rights, and by denying all other postjudgment relief requested by the wife.
However, although the wife’s post-judgment motion was disposed of, the trial court’s postjudgment order left something more for the trial court to do, i.e., to enter an order making a determination of the amount of interest owed by the husband and setting forth the husband’s modified visitation rights as agreed upon by the parties. Cf. Anderson v. Anderson, 65 So.3d 435, 440 (Ala.Civ.App.2010) (dismissing the husband’s appeal as being from a nonfinal judgment when the husband filed a notice of appeal after the trial court had granted the husband’s postjudgment motion in part because the postjudgment order did “not reflect an intent to finally adjudicate all the issues before the trial court”). When the parties failed to submit an amended judgment regarding the husband’s modified visitation rights and the interest obligation within 14 days, as ordered by the trial court, it became incumbent upon the trial court to enter the order that would make the judgment final. See Sims v. Sims, 38 So.3d 71, 72 (Ala.Civ.App.2009) (dismissing an appeal as being from a nonfinal judgment after the trial court had granted the wife’s postjudgment motion in part but had failed to issue an order effectuating the relief granted). No such order appears in the record on appeal.
Accordingly, we conclude that, at the time the wife filed her notice of appeal, there had not been a complete adjudication of all the matters in controversy between the parties. See Peoples v. Peoples, 886 So.2d 837, 839-40 (Ala.Civ.App.2003) (quoting Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990), quoting in turn Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986)) (“A ‘final judgment is a “terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.” ’ ”). See also Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App.1999) (quoting Wesley v. Brandon, 419 So.2d 257, 258 (Ala.Civ.App.1982)) (“The question whether an order is a final order may be phrased as whether there is ‘something more for the [trial] court to do.’ ”). Thus, we conclude that the wife’s notice of appeal was prematurely filed and that her appeal was taken from a nonfinal judgment. “The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case....” Peoples v. Peoples, 886 So.2d *927 at 840. Therefore, we must dismiss the wife’s appeal.
The wife’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
PITTMAN and THOMAS, JJ., concur.
THOMPSON, P.J., dissents, with writing, which MOORE, J., joins.

. Apparently, both parties were satisfied with the provisions in the separation agreement regarding division of the marital property. The division of marital property was never an issue presented to the trial court.