BRYAN, Judge.
Lisa Rushing Tice (“the wife”) appeals from a judgment divorcing her and David Wayne Tice, Sr. (“the husband”). Because the judgment appealed from is not final, we dismiss the appeal.
On June 11, 2010, the wife sued the husband for a divorce on the ground of incompatibility. The wife subsequently amended her complaint to seek a legal separation instead of a divorce; however, the husband counterclaimed for a divorce on the ground of incompatibility. Following a bench trial, the trial court, on March 14, 2011, entered a judgment divorcing the parties, dividing the marital property, and awarding the wife rehabilitative alimony. On March 31, 2011, the husband filed a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the judgment. In addition, the wife filed several posttrial motions. On June 27, 2011, the trial court held a hearing regarding the pending motions. At the hearing, the husband testified regarding events and changes in circumstances that had occurred after the trial.[1] While he was being cross-examined by the wife’s attorney, the husband informed the trial court that he was feeling ill and was subsequently taken by ambulance to the hospital. On June 28, 2011, *1073 the trial court entered an order stating, in pertinent part:
“[The husband] was called to the stand by his attorney to testify regarding his Motion to Alter, Amend or Vacate. During his cross-examination, [the husband] reported to the court that he felt flush and ill. During a ten minute recess, [the husband] was taken by ambulance to East Alabama Medical Center Emergency Room. After consultation with counsel the Court announced that it would grant in substance the [husband’s] motion to alter, amend, or vacate the judgment], however, with no details as to what was altered, amended or vacated. The Court ordered that testimony in this matter needed to be continued and that the divorce remained in effect, however, all matters relating to the property settlement would be set aside and possibly be modified, vacated or altered. It was not apparent at this time which provision would be modified, vacated or [altered]. [That ruling was made o]ver the objection and exception of the [wife’s] counsel as [the husband] was the only witness that testified, he was not fully cross-examined before he left and the [wife] was not allowed to put on any testimony in opposition to the [husband’s] Motion to Alter, Amend, or Vacate or in support of any of her Motions.
“The Court further ruled,
“a) That some relief was necessary.
“b) That the Court made an error in its Judgment of divorce.
“c) That the parties are prohibited from disposing of any assets pending further orders of the Court.
“d) That the financial provisions of the Automatic Court Order are reinstated. Specifically, the remaining $20,000 of the $30,000 loaned to the business by [the husband and the wife] shall not be disbursed to [the husband] pending further court orders.
“e) That [the husband] is hereby ORDERED to restore [the wife] to Wayne Tice Electric[’s] payroll and thereby reinstate her health insurance effective June 27, 2011.
“f) The [husband’s] exhibits One through Four were admitted.

“This matter is reset for additional testimony and final ruling.”

(Emphasis added.) The wife filed her notice of appeal on August 9, 2011, before the trial court had entered any further orders.[2]
Although the parties have not raised the issue whether this court has jurisdiction over the appeal, “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Stone v. Haley, 812 So.2d 1245, 1245-46 (Ala.Civ.App.2001) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997)).
“ ‘ “It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.” ’ Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App.1999), quoting Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981). This court has stated:
“‘A final judgment is one that completely adjudicates all matters in controversy between all the parties.’
“ ‘... An order that does not dispose of all claims or determine the rights *1074 and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had “only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.” See Rule 54(b), Ala. R. Civ. P.’ ”
Adams v. NaphCare, Inc., 869 So.2d 1179, 1181 (Ala.Civ.App.2003) (quoting Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002)). “The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case. See Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871 (Ala.Civ.App.1979).” Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006).
In Faellaci v. Faellaci, 67 So.3d 923 (Ala.Civ.App.2011), the trial court in that case entered an order granting Mrs. Fael-laci’s Rule 59 motion insofar as it asserted (1) that the trial court had exceeded its discretion in failing to award her interest on Mr. Faellaci’s child-support arrearage and (2) that Mr. Faellaci’s visitation should be modified; however, that order neither determined the amount of interest owed by Mr. Faellaci nor set forth his modified visitation rights. Id. at 924-26. Mrs. Faellaci then filed a notice of appeal before the trial court entered any further orders determining the amount of interest owed by Mr. Faellaci or setting forth his modified visitation rights. Id. at 925. This court dismissed the appeal because, “at the time [Mrs. Faellaci] filed her notice of appeal, there had not been a complete adjudication of all the matters in controversy between the parties” and, therefore, “her appeal was taken from a nonfinal judgment.” Id. at 926.
In the present case, the trial court’s June 28, 2011, order expressly granted the husband’s Rule 59 motion and set aside the division of the marital property in the divorce judgment but did not set forth a new division of the marital property. To the contrary, it expressly ruled that additional testimony would have to taken before a determination could be made regarding the amended division of the marital property. However, the wife filed her notice of appeal before the trial court entered an order setting forth an amended division of the marital property. Accordingly, we dismiss the appeal because, “at the time the wife filed her notice of appeal, there had not been a complete adjudication of all the matters in controversy between the parties” and, therefore, “her appeal was taken from a nonfinal judgment.” Id. at 926-27.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Although newly discovered evidence may be introduced in support of a Rule 59(e) motion to alter, amend, or vacate the judgment, new evidence, i.e., evidence regarding events and changes in circumstances occurring after the trial may not. See Marsh v. Smith, 67 So.3d 100, 107-08 (Ala.Civ.App.2011). In order to seek relief from a divorce judgment based on new evidence, a party must file a separate action seeking modification of the divorce judgment. See Estrada v. Redford, 855 So.2d 551, 554 (Ala.Civ.App.2003).

. The wife also petitioned this court for a writ of mandamus on August 9, 2011. That petition, which was docketed as case number 2101069, was denied on August 30, 2011. Ex parte Tice, -So.3d-(Ala.Civ.App.2011) (table).