PITTMAN, Judge.
W.G. Waldrop appeals from a ruling entered by the Walker Circuit Court on a postjudgment motion filed by Steve Evans, pursuant to Rule 59, Ala. R. Civ. P. We dismiss the appeal as having been taken from a nonfinal judgment.
In 1999, Evans leased from Waldrop a piece of commercial real property located in Curry. The lease term was five years, commencing on April 1, 1999, and ending on March 1, 2004. Evans stopped paying rent in April 2000. Accordingly, in August 2001, . Waldrop sued Evans, alleging a breach of the lease agreement.
In November 2012, the trial court held a bench trial. Evans did not dispute at trial that-he had ceased paying rent before the le'ase term had expired. He did, however, claim that Waldrop had unreasonably withheld his consent to a sublease of the prop *357 erty. On March 3, 2014, more than a year after the parties had submitted posttrial briefs, the trial court entered a judgment in favor o'f Waldrop. The judgment awarded Waldrop damages for unpaid rent, as well as prejudgment interest and costs.
Pursuant to Rule 59, Ala. R. Civ. P., Evans timely filed a postjudgment motion. In that motion, Evans asked the trial court “for a new trial or to alter, amend and/or vacate” the judgment entered in favor of Waldrop and asked the trial-court judge to recuse himself from further proceedings and to refer the action to the presiding circuit-court judge for reassignment to a new circuit-court judge. In support of his motion, Evans asserted that, before the trial court had entered the judgment in favor of Waldrop after the bench trial, Waldrop had filed with the Judicial Inquiry Commission (“JIC”) a complaint against the trial-court judge for allegedly violating Canon 3.A.(5) of the Alabama Canons of Judicial Ethics, which requires judges to “dispose promptly of the business of the court.” Evans alleged further that, “almost immediately following the filing of the JIC Complaint, [the trial court] entered the Order favorable to [Waldrop].” Evans asserted that the timing of the JIC complaint and the entry of the judgment in favor of Waldrop “create[d] the appearance that [the trial-court judge] might [have] rushed to enter the Order at issue to avoid the appearance of unfairness to [Waldrop].”
In April 2014, the trial court entered an order ruling on Evans’s postjudgment motion. Although the trial court stated in its order that the judgment in favor of Wal-drop “was not in any way influenced by the ... JIC Complaint,” in order to avoid the appearance of unfairness and lack of impartiality, the trial court vacated the judgment and the trial-court judge recused himself from further proceedings and referred the .action to the presiding circuit-court judge for reassignment. The trial court, .however, specifically declined to grant or deny Evans’s request for, a new trial, deferring a decision .on that matter to the circuit-court judge to whom the case would be assigned.
In May 2014, the action was assigned to a new circuit-court judge. The trial court never entered an order stating whether a new trial would or would'not take place. In June 2014, Waldrop appealed to our supreme court; which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
In response to Waldrop’s appeal, Evans argues that the trial court’s order Vacating the judgment that had been entered in favor of Waldrop is not a final judgment. Specifically, he asserts that the order did not adjudicate all the rights of the parties or all matters in controversy because it contemplated further proceedings after reassignment to a new circuit-court judge. Thus, he argues, this court 'does not have jurisdiction to consider the appeal. See Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So.2d 316, 320 (Ala.2001) (holding that a final judgment is necessary to support appellate-jurisdiction).
The instant case is somewhat analogous to Tice v. Tice, 100 So.3d 1071 (Ala.Civ.App.2012). The trial court in that case had granted a husband’s motion to alter, amend, or vacate a division of marital property, which had been set out in the trial court’s earlier judgment divorcing the parties. Before the trial court could issue an order specifying exactly how the property division would be revised, however, the wife appealed. 100 So.3d at 1073-74. This court dismissed the appeal as having been taken from' a nonfinal judgment. Id. Likewise, the trial court in the instant case ruled that the judgment in favor ofiWal- *358 drop was to be vacated, but there has been no new judgment issued for this court to review.
In reply to Evans’s argument that there is no final judgment from which Waldrop can appeal, Waldrop cites § 12-22-10, Ala.Code 1975, which provides that “[ejither party in a civil case ... may appeal to the appropriate appellate court from an order granting or refusing a motion for a new trial by the circuit court.” Waldrop contends that Evans’s request for a new trial was, in essence, granted when the trial court vacated the underlying judgment. He asserts that there is “no realistic ... opportunity ... for any court to enter any new judgment in favor of either party absent conducting a new trial on the merits of this matter” and that, therefore, a new trial necessarily must occur. Thus, Waldrop contends, he could appeal pursuant § 12-22-10.
First, it is not clear from a reading of Evans’s postjudgment motion that he requested the trial court, in the event the underlying judgment was vacated, to order that a new trial take place. To the contrary, it appears that Evans requested (1) that the trial court vacate the judgment and that the trial-court judge recuse himself or (2) that the trial court order that a new trial take place. Thus, once the trial court vacated the underlying judgment and the trial-court judge recused himself, Evans’s request for a new trial arguably became moot.
In any event, and notwithstanding Wal-drop’s suggestion that conducting a new trial would have been the only proper way to proceed after the underlying judgment was vacated, the trial court simply did not grant a motion for a new trial. To the contrary, as noted, the trial court expressly refused to rule on such a request.[1]
Waldrop argues alternatively that, pursuant to Rule 59.1, Ala. R. Civ. P., Evans’s request for a new trial was denied, by operation of law on the 90th day after it was filed, which was after Waldrop appealed. Under Rule 4(a)(5), Ala. R.App. P.,
“[a] notice of appeal filed after the entry of the judgment but before the disposition of all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59, Alabama Rules of Civil Procedure, shall be held in abeyance until all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59 are ruled upon; such a notice of appeal shall become effective upon the date of disposition of the last of all such motions.”
Rule 4(a)(5) and Rule 59.1 can operate together to permit the denial, by operation of law, of a postjudgment motion after the filing of a notice of appeal. See Carnes v. Carnes, 82 So.3d 704, 709-10 (Ala.Civ.App.2011) (stating that the appellant’s notice of appeal, which had been filed before the trial court ruled on the appellant’s Rule 59(e) motion to alter, amend, or vacate, was deemed held in abeyance until the Rule 59(e) motion was denied by operation of law pursuant to Rule 59.1). According to Waldrop, because Evans’s request for a new trial was denied by operation of law, Waldrop’s appeal is proper under § 12-22-10.
As already noted, it appears that Evans requested either vacation of the underlying judgment and the trial-court judge’s recu-sal or a new trial. In any event, assuming Evans’s request for a new trial was denied *359 by operation of law, it is clear that Wal-drop did not appeal from that denial.
Although the designation of a particular judgment in a notice of appeal does not necessarily limit the scope of this court’s review, see Rule 3(c), Ala. R.App. P., we note that Waldrop, in his notice of appeal, designated for review only the trial court’s order vacating the judgment in Waldrop’s favor. There is no indication that Waldrop intended to appeal from the denial of a motion for a new trial. Moreover, Waldrop’s initial brief to this court makes absolutely no mention of the denial of a motion for a new trial, and it-contains no argument supporting an assertion that such a denial should be reversed. Accordingly, we conclude that Waldrop has not appealed from the denial of a motion "for a new trial and that § 12-22-10 cannot possibly provide this court with jurisdiction in this case.
Finally, Waldrop suggests that a trial court’s order vacating a judgment pursuant to Rule 59(e), Ala. R. Civ. P., is always immediately appealable. The cases he cites, however, do not so hold. Although the appellate courts in those cases reviewed orders vacating or modifying judgments, they did so only after final judgments adjudicating all the rights of the parties and all matters in controversy had been entered.
Without a final judgment, an appellate court does not have jurisdiction to consider an appeal. Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So.2d at 320. “A final judgment that will support an appeal is one that puts an end to the proceedings between the parties to a case and leaves nothing for further adjudication.” Id. There has been no such judgment in this case. Accordingly, we dismiss the appeal for lack of subject-matter jurisdiction.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ,, concur.

. We express no opinion as to the correctness of Waldrop’s suggestion that it would be error for a trial court to refuse to conduct a new trial after a judgment like the one in the instant case is vacated. See generally Rule 63, Ala. R. Civ. P. (governing procedure when a trial judge in a civil action in which a trial has been commenced "is unable to proceed”).