Rel: October 11, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2024-0049

_____

### Dwight D. Sikes

### v.

### Michelle M. Kirkland, as personal representative of the Estate of Kenneth D. McIlwain, deceased

### Appeal from Choctaw Circuit Court
### (CV-12-900026)

MITCHELL, Justice.

Michelle M. Kirkland, as the personal representative of Kenneth McIlwain's estate, obtained a judgment against Dwight D. Sikes in the Choctaw Circuit Court. Dwight appealed. But, upon review, the trial court did not dispose of all of Dwight's claims. Consequently, Dwight's appeal is not from a final judgment and must be dismissed.

Facts and Procedural History

The land at the center of this case originally belonged to James Sikes, Dwight's late father. Nearly 15 years ago, James deeded the land to Archie Sikes, Dwight's brother. Archie, in turn, deeded that property to Kenneth and Patricia McIlwain. Not long after, the McIlwains sued Dwight, alleging that his livestock had trespassed on the deeded land. Relatedly, the McIlwains alleged that the livestock were a nuisance and had damaged their property.

In response, Dwight filed a counterclaim against the McIlwains and a cross-claim against Archie.[1] Dwight's cross-claim alleged that James had not been competent when he had deeded the land in question to Archie. Based on that allegation, Dwight asked the trial court to set aside

---

[1]Dwight says that he filed the cross-claim on behalf of James's estate. But his pleading did not explain how or whether he had the authority to file a claim on the estate's behalf.

the deed and render the trespass action moot. Dwight's counterclaim, on the other hand, alleged that the McIlwains had improperly removed James's personal property from the deeded land.[2]

Eventually, the court ordered Dwight to remove his livestock from the deeded land within 60 days. It is not clear whether Dwight ever complied with that order, but the McIlwains did not raise the issue again. While Dwight's counterclaim and cross-claim were pending in the trial court, the McIlwains passed away, and Kirkland, as the personal representative of Kenneth's estate, was substituted as the plaintiff and counterclaim defendant. Several years later, the court finally ruled on Dwight's cross-claim. Following a bench trial, the court held that Dwight had not demonstrated that his father lacked the capacity to deed the land to Archie. The court's judgment was silent, however, as to Dwight's counterclaim. Dwight timely appealed the judgment.

---

[2]Though he did not identify the personal property in his initial counterclaim, Dwight did so in his response to this Court's show-cause order. Dwight's response asserts that the McIlwains had unlawfully removed James's "personal possessions," including his checkbook, a safe-deposit box containing thousands of dollars, two Chevrolet pickup trucks, an aluminum boat, several guns, and multiple power tools.

After receiving Dwight's notice of appeal, the Clerk of this Court noted that the judgment below did not dispose of his counterclaim. The Clerk similarly noted that the trial court had not entered a Rule 54(b), Ala. R. Civ. P., certification of the judgment as final. Following this Court's procedure, the Clerk issued a show-cause order to the parties, directing them to establish the jurisdiction of this Court. The order asked the parties why Dwight's appeal should not be dismissed as arising from a nonfinal judgment.

In response to the show-cause order, Dwight agreed that the trial court had failed to rule on his counterclaim. He complained of the court's "failure to act" on the counterclaim and asked that we rectify that "failure." Kirkland argued that the trial court had, in fact, disposed of Dwight's counterclaim. Kirkland further contended that, by rejecting Dwight's argument that James had invalidly deeded the land, the trial court had also rejected the counterclaim.

## Standard of Review

This appeal comes to us following a bench trial. When a judge in a bench trial hears oral testimony, any findings of fact "'based on that testimony will be presumed correct and will not be disturbed on appeal

4

except for a plain and palpable error.'" Espinosa v. Chamblin, 390 So. 3d 542, 543 (Ala. 2023) (citations omitted). But we "'review the trial court's "conclusions of law or its application of law to the facts" de novo.'" Sirote & Permutt, P.C. v. Caldwell, 350 So. 3d 681, 685 (Ala. 2021) (citation omitted).

## Analysis

As always, we must determine whether this Court has jurisdiction over the appeal before we can consider the merits. Richey v. Morris, 389 So. 3d 347, 348 (Ala. 2023). For this Court to exercise jurisdiction, the appeal must be from a final judgment or from a judgment certified as final under Rule 54(b). Foster v. Greer & Sons, Inc., 446 So. 2d 605, 609-10 (Ala. 1984). Because the finality of the judgment being appealed is a jurisdictional question, we may consider that issue regardless of whether the parties have raised it. Ex parte Eustace, 291 So. 3d 33, 36 (Ala. 2019) (noting that this Court "addresses ex mero motu" the lack of jurisdiction when an appeal is from a nonfinal judgment).

A final judgment is one that "conclusively determines the issues before the court and ascertains and declares the rights of the parties involved." Bean v. Craig, 557 So. 2d 1249, 1253 (Ala. 1990). In other

words, a final judgment "is one that puts an end to the proceedings between the parties … and leaves nothing further for adjudication." Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So. 2d 316, 320 (Ala. 2001). When a trial court fails to adjudicate a claim, cross-claim, or counterclaim, "a final judgment has not been entered." Deutsche Bank Nat'l Tr. Co. v. Karr, 306 So. 3d 882, 890 (Ala. 2020).

The trial court in this case did not adjudicate Dwight's counterclaim. It is not even clear from the record that the court entered a final judgment on the initial complaint alleging trespass and nuisance.[3] The judgment that Dwight appeals from does not mention the counterclaim, the trespass claim, or the nuisance claim. The counterclaim concerns personal property found on the deeded land. But a ruling on the validity of the deed does not dispose of a claim alleging improper removal of personal property. Therefore, the trial court left key disputes between the parties unresolved, which deprives this Court of jurisdiction. See Richey, 389 So. 3d at 348 (dismissing an appeal as

---

[3]The trial court appears to have granted the McIlwains' request for injunctive relief when it ordered Dwight to remove his cattle in 2014. But there is nothing in the record showing that the trial court ruled on their request for damages stemming from the trespass. Nor does the trial court appear to have ruled on the initial nuisance claim.

arising from a nonfinal judgment when the judgment made "no reference" to a counterclaim).  As a result, Dwight's appeal must be dismissed.

APPEAL DISMISSED.

Parker, C.J., and Shaw, Bryan, and Mendheim, JJ., concur.